HENRY, Circuit Judge,
concurring.
Judges Holloway and Brorby write persuasively; ultimately, -1 am swayed by Judge Holloway’s opinion.
I conclude that, in cases such as Mr. Townsend’s (and assuming, as here, that the plaintiff has lodged a proper request), our district courts should be required to instruct that, if the plaintiff-employee has proven by a preponderance of the evidence that the defendant-employer’s stated reasons for demoting or discharging the employee are merely pretextual, the jury may — though need not — infer that the employer acted out of discriminatory animus. While such an instruction describes a permissive inference — and while Judge Bror-by is certainly correct that it cannot be true that a district court need instruct on every permissive inference available to a jury — the instruction here describes a particular permissive inference that many jurors might otherwise assume improper.
The district court instructed, correctly, that “[i]n order for plaintiff to recover on [his Title VII] claim, he must prove by the preponderance of the evidence that defendant intentionally discriminated against plaintiff, that is, plaintiffs race must be proven to have been a motivating factor in defendant’s decision regarding plaintiffs demotion.” Aplt’s App. vol. I, at 136 (Jury Instructions). Unfortunately, a rational juror might very well have interpreted such an instruction to require affirmative proof of discriminatory intent. In other words, in Mr. Townsend’s own case, a rational juror might have concluded that, while Mr. Townsend successfully demonstrated that Kemper’s proffered reason(s) for demoting or discharging him were merely pretextual (making quite likely the fact that Kemper acted out- of discriminatory animus), Mr. Townsend necessarily could not prevail for having failed to offer any credible evidence directly suggesting a discriminatory animus.
Should one of Mr. Townsend’s jurors have so concluded, that juror would stand in lofty — or at least legal — company: until quite recently, many federal courts had adopted just such an interpretation regarding the impermissibility of such an inference. See, e.g., Reeves v. Sanderson Plumbing Prods., Inc., 197 F.3d 688, 693 (5th Cir.1999) (per curiam) (reversing a jury verdict in favor of a plaintiff-employee despite the fact that the employee “very well may [have been] correct” that the defendant-employer proffered a pretextual reason for firing the employee; noting that the employee failed to present sufficient additional evidence that the employer acted out of discriminatory animus), rev’d 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); Gillins v. Berkeley Elec. Coop., Inc., 148 F.3d 413, 416-17 (4th Cir.1998) (“While this evidence establishes that the employer’s proffered reason is unpersuasive, or even obviously contrived, it is not *1244 in itself sufficient, under this Circuit’s precedents, to survive [the employer’s] motion for summary judgment. This court has adopted what is best described as the ‘pretext-plus’ standard for summary judgment in employment discrimination cases.”) (internal citations, alteration, and quotation marks omitted); Nelson v. Boatmen’s Bancshares, Inc., 26 F.3d 796, 801 (8th Cir.1994) (“[T]o carry his ultimate burden of persuasion, [the employee] must do more than simply discredit an employer’s nondiscriminatory explanation, he must also present evidence capable of proving that the real reason for his termination was discrimination ... ’).[1]
Given the recent confusion regarding the nature of the proof necessary to prevail on a Title VII claim, I am persuaded that, absent the proposed instruction, jurors are left without adequate guidance as to the circumstances in which they may infer discriminatory intent. Thus, under similar facts and where requested, I believe the instruction must be given; I concur.

. Although a leading scholar has — appropriately — criticized the use of McDonnell Douglas-influenced instructions as confusing to juries, see Deborah C. Malamud, The Last Minuet: Disparate Treatment after Hides, 93 Mich. L.Rev. 2229, 2323 (1995), another scholar has suggested that, precisely because of the general confusion surrounding the nature of the proof necessary in cases like Mr. Townsend's, “the pared-down instruction required by the Second and Third Circuits [and considered today by our circuit] should be given,” William R. Corbett, Of Babies, Bathwater, and Throwing out Proof Structures: It is not Time to Jettison McDonnell Douglas, 2 Employee Rts. & Employment Pol’y J. 361, 387-88 (1998).